IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **BILLY CUNNINGHAM** | § | |
| **Individually and on behalf** | § | |
| **of all those similarly situated** | § | **CIVIL ACTION NO. 2:11-CV-00506** |
| | § | |
| | § | |
| **v.** | § | |
| | § | |
| **CITY OF WILLS POINT, TEXAS** | § | |

## JOINT MOTION FOR ORDER APPROVING AMENDED SETTLEMENT AGREEMENT

Plaintiff, Billy Cunningham, and Defendant, City of Wills Point, Texas, file this Joint Motion for Order Approving Settlement Agreement and would show the court as follows:

## I.
### Introduction

1.   In this Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") action, Plaintiff and Defendant jointly request the Court to enter a stipulated order approving the amended settlement reached between the Parties. The Parties have carefully and exhaustively negotiated an arms-length settlement in this action.

2.   The Parties agreed to resolve the disputed factual and legal issues on terms set forth in a settlement agreement (the "Agreement"), which is to be kept confidential and accordingly tendered under seal pursuant to the parties' mutual request.  As discussed herein, the settlement is fair and reasonable and warrants this Court's approval.  *See* the attached and sealed Exhibit "1" which is incorporated herein by reference.

3.   Plaintiff filed his Original Complaint alleging, *inter alia*, that Defendant failed to pay Plaintiff one and one-half his regular rate for all hours worked in excess of 40 hours in a

work week and, as such, has violated FLSA statutes and regulations. Defendant responds that Plaintiff were in fact properly paid for all hours worked and that he has no entitlement to overtime compensation or any other type of additional compensation, damages, or penalties under the FLSA.

4. Pursuant to the terms of the Agreement, Plaintiff shall recover the confidential amount noted in the Sealed Agreement in consideration for a complete release and dismissal with prejudice of any and all claims he has asserted or could have asserted against Defendant, including but not limited to any and all claims for unpaid wages, damages, liquidated damages, attorney's fees and costs.

5. All remaining claims among the Parties, whether previously asserted or not, are to be dismissed with prejudice, each party to bear their own costs. A sealed copy of the Agreement is attached hereto as Exhibit "1" for the Court's exclusive review and approval. The Agreement and the settlement terms are to remain confidential.

6. This Court granted the parties' Joint Motion to Dismiss on August 7, 2012. The previously-approved Confidential Settlement Agreement inadvertently failed to contain a term to which the parties agreed. Accordingly, this Joint Motion is presented to the Court out of an abundance of caution in order to approve the Amended Confidential Settlement Agreement.

## II.
## Plaintiff's Litigation Risks

7. In order to recover damages for the claims made by Plaintiff, he must overcome significant legal hurdles, all of which will be vigorously contested by Defendant's counsel. With regard to Plaintiff's claims for unpaid overtime, he must establish that he has "in fact performed work for which [he was] improperly compensated and... produce sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. *Anderson v. Mt.*

*Clemens Pottery Co.,* 328 U.S. 680, 687 (1946).

## III.
## The Settlement Agreement Is Fair

8. An FLSA claim, except in two circumstances, cannot be waived or settled. *Brooklyn Savings Bank v. O'Neil,* 324 U.S. 697, 706 (1945). The exceptions are (1) that the Secretary of Labor can supervise the payment of back wages or (2) that the employer and employee present the proposed settlement to the district court for approval. 29 U.S.C. § 215(b).

9. Other courts have recognized that a private agreement of FLSA claims, even without court "approval," may still be enforceable. In *Martinez v. Bohls Bearing Equipment,* the court undertook a lengthy and detailed analysis of the FLSA, as amended by the Portal-to-Portal Act, as well as Fifth Circuit and Supreme Court precedent. 361 F. Supp. 2d 608, 631 (W.D. Tex. 2005). There, the court noted that:

> The move away from the rigid interpretation of statutory rights of the 1940s to a regime which supports settlement as a favored means of resolving disputes... supports the holding that a [private] compromise and release of FLSA rights involving a bona fide dispute as to liability, such as the amount of hours worked or compensation due, is not prohibited.

*Martinez,* 361 F. Supp. 2d at 630 (internal citations omitted) (enforcing private settlement agreement and released executed between the parties without the parties having obtained prior court approval or Department of Labor supervision). *See also Martinez v. Bohls Bearing Equipment Co.*, 361 F. Supp. 2d 608 (W.D. Tex 2005).

10. Even using the rigid interpretation of the FLSA, the settlement meets the Fifth Circuit's additional fairness criteria. The case of *Reed v. General Motors Corp.*, 703 F.2d 170 (5th Cir. 1983) set forth the factors for the Court to consider in order to find that the proposed settlement is fair, reasonable and adequate to the parties. There are six focal facets: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely

duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the class counsel, class representatives, and absent class members.[1] While a weighing of the merits is required, the Court is not to "go beyond the amalgam of delicate balancing, gross approximations, and rough justice."[2] Applying the first three of these factors to the proposed settlement, the Court can easily find that the settlement meets the requisites of Rule 23(e) and the FLSA.

11.     The Amended Settlement Agreement filed herewith and attached as the sealed Exhibit "1", reveals that the settlement was negotiated at arm's length by experienced counsel who protected the rights of the Parties. The settlement reflects a reasonable compromise regarding *bona fide* disputes between the Parties with respect to liability and the amount of same under the FLSA.  Furthermore, the Amended Settlement Agreement establishes that the settlement is fair, just, and adequate to settle Plaintiff's claims.

12.     Here, the settlement is fair and reasonable. Plaintiff may get nothing if this case proceeds through discovery, dispositive motions, and trial. Even if Plaintiff were to prevail on the issue of liability, a process likely to consume months, his damages might not exceed the amount to which he has agreed to settle.  Any ultimate recovery would be further delayed by the appellate process. Finally, the settlement is the product of arms-length bargaining conducted by experienced legal counsel. Even if the Court questions whether the settlement amount is equal to the potential full recovery of actual and liquidated damages plus attorneys' fees and costs, it should still take into account the risks inherent in litigation. "'The fact that a proposed settlement may only amount to a fraction of the potential recovery does not' indicate that the settlement is

---

[1] *Parker v. Anderson,* 667 F.2d at 1209; *See also In re Corrugated Container Antitrust Litigation,* 643 F.2d at 217.
[2] *White,* 836 F. Supp. at 1477 (internal citations omitted).

not fair and reasonable," after taking into account the risks and costs of litigation. *Quintanilla v. A &R Demolition Inc.,* No. 04-1965, 2008 U.S. Dist. LEXIS 37449 (S.D. Tex. May 7, 2008) (citing *City of Detroit v. Grinnell Corp.,* 495 F.2d 448, 455 (2d Cir. 1974)).

13. The endorsement of the settlement by counsel for both Parties is a "factor that weighs in favor of approval." *Quintanilla,* 2008 U.S. Dist. LEXIS at *15. In reviewing the opinions of counsel, "a court should bear in mind that counsel for each side possess[es] the unique ability to assess the potential risks and rewards of litigation. *Id.* at *14 (citing *San Antonio Hispanic Police Officers' Org., Inc. v. City of San Antonio,* 188 F.R.D. 433, 461 (W.D. Tex. 1999)). In this case, Plaintiff's attorney is fully aware of the factual contentions of his client and is in the best position to opine as to whether this settlement produces a fair result after consideration of risks.

## IV.
## Conclusion

14. The Parties believe that the settlement reached is a fair and reasonable compromise of the respective positions of both sides. The Parties engaged in arms-length negotiation following the exchange of key facts regarding their claims and defenses. Further, agreement has been reached before either side has been saddled with protracted and expensive litigation. The Parties therefore respectfully request the Court to approve the settlement and enter the Proposed Order. Entry of the Proposed Order will "secure the just, speedy and inexpensive determination" of this action in accordance with FED. R. Civ. P. 1.

        Respectfully submitted,

        */s/ William S. Hommel, Jr.*
        **WILLIAM S. HOMMEL, JR.**
        State Bar No. 09934250
        **WILLIAM S. HOMMEL, JR., P.C.**
        1347 Dominion Plaza
        Tyler, Texas 75703
        903-596-7100
        469-533-1618 Facsimile
        **ATTORNEY FOR PLAINTIFF**

        */s/ William W. Krueger, III*
        **WILLIAM W. KRUEGER, III**
        Texas Bar No. 11740530
        **McKAMIE KRUEGER, LLP**
        2007 N. Collins Blvd.
        Suite 501
        Richardson, Texas 75080
        Tel. (214) 253-2600
        Fax. (214) 253-2626
        **ATTORNEY FOR DEFENDANT**

## **CERTIFICATE OF CONFERENCE**

The undersigned does hereby certify that the parties have agreed to this Motion as indicated by their signatures above.

        */s/ William W. Krueger, III*
        **WILLIAM W. KRUEGER, III**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Joint Motion for Order Approving Settlement Agreement has been served on all counsel of record via electronic filing, on this the 23rd day of August, 2012.

        */s/ William W. Krueger, III*
        **WILLIAM W. KRUEGER, III**